Sealed

Public and unofficial staff access
to this instrument are
prohibited by court order.

United States District Court
Southern District of Texas
FILED

JAN 1 5 2014

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | Criminal No. **14 CR   022** |
| v. | § | |
| | § | __UNDER SEAL__ |
| HUEY P. WILLIAMS, JR, | § | |
| | § | |
| Defendant. | § | |

## __INDICTMENT__

UNSEALED
PER ARREST

The Grand Jury charges:

### __General Allegations__

At all times material to this Indictment, unless otherwise specified:

1.      The Medicare Program ("Medicare") was a federal healthcare program providing benefits to individuals who were over the age of 65 or disabled.  Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services.  Medicare was a "healthcare benefit program" as defined by Title 18, United States Code, Section 24(b).

2.      Medicare was subdivided into multiple Parts.  Medicare Part B covered physician services and outpatient care, including an individual's access to durable medical equipment ("DME"), such as orthotic devices and wheelchairs.

3.      Orthotic devices were a type of DME that included rigid and semi-rigid devices such as ankle braces, knee braces, back braces, elbow braces, wrist braces and hand braces (collectively "orthotics").

4.      Individuals who qualified for Medicare benefits were commonly referred to as Medicare "beneficiaries."  Each beneficiary was given a Medicare identification number.

5.      DME companies, physicians and other healthcare providers that provided services to Medicare beneficiaries were referred to as Medicare "providers." To participate in Medicare, providers were required to submit an application in which the providers agreed to comply with all Medicare related laws and regulations.  If Medicare approved a provider's application, Medicare assigned the provider a Medicare "provider number."  A healthcare provider with a Medicare provider number could file claims with Medicare to obtain reimbursement for services rendered to beneficiaries.

6.      Medicare paid DME companies and other healthcare providers for services rendered to beneficiaries.  Medicare would generally pay for DME only if it was prescribed by the beneficiary's physician and was medically necessary to the treatment of the beneficiary's illness or injury.

7.      To receive payment from Medicare, providers submitted or caused the submission of claims to Medicare, either directly or through a billing company.

8.      CMS contracted with Durable Medical Equipment Regional Carriers ("DMERCs") to provide Medicare benefits and process claims for reimbursement.  The DMERC that processed and paid Medicare DME claims in Texas was CIGNA Government Services ("CIGNA").

9.      To bill Medicare for services rendered, a provider submitted a claim form (Form 1500) to CIGNA.  When a Form 1500 was submitted, usually in electronic form, the provider certified that:  (1) the contents of the form were true, correct and complete; (2) the form was prepared in compliance with the laws and regulations governing Medicare; and (3) the contents of the claim were medically necessary.

10. A Medicare claim for DME reimbursement was required to set forth, among other things, the beneficiary's name and unique Medicare identification number, the provided to the beneficiary, the date the equipment was provided, the cost of the equipment, and the name and unique physician identification number of the physician who prescribed or ordered the equipment.

11. Hermann Medical Supplies Inc. ("Hermann I") and Hermann Medical Supplies II, Inc. ("Hermann II") (collectively "Hermann Medical") were Texas business entities purportedly doing business in Katy, Texas and Houston, Texas respectively.

12. Defendant **HUEY P. WILLIAMS, JR**, a resident of Harris County, Texas, was the owner and operator of Hermann Medical.

### COUNT 1
### Health Care Fraud
### (18 U.S.C. §§ 1347 and 2)

13. Paragraphs 1 through 12 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

### The Scheme to Defraud

14. From in or around December 2006, and continuing through in or around July 2010, in the Houston Division of the Southern District of Texas, and elsewhere, defendant,

### HUEY P. WILLIAMS, JR,

aided and abetted by others known and unknown to the Grand Jury, in connection with the delivery of and payment for healthcare benefits, items, and services, did knowingly and willfully execute and attempt to execute, a scheme and artifice to defraud a healthcare benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare,

and to obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of Medicare.

## Object of the Scheme to Defraud

15.     It was the object of the scheme for the defendant to unlawfully enrich himself by (a) submitting or causing to be submitted false and fraudulent claims to Medicare, (b) concealing the submission of false and fraudulent claims to Medicare and the receipt and transfer of proceeds from the fraud, and (c) diverting proceeds of the fraud for the personal use and benefit of the defendant.

## Manner and Means of the Scheme to Defraud

16.     Defendant **HUEY P. WILLIAMS, JR** would use the Medicare provider numbers for Hermann Medical to submit claims to Medicare for orthotics that were never provided to Medicare beneficiaries, and in some cases, not medically necessary.

17.     Defendant **HUEY P. WILLIAMS, JR** would control the day-to-day operations of Hermann Medical.

18.     Defendant **HUEY P. WILLIAMS, JR** would submit approximately $3.4 million in claims to Medicare for DME, including orthotics and heat pads with water pumps, that was not provided and, in some cases, not medically necessary.

19.     Payments from Medicare were deposited into bank accounts for Hermann Medical of which defendant **HUEY P. WILLIAMS, JR** was an account holder and signatory. All in violation of Title 18, United States Code, Section 1349.

## Execution of the Scheme to Defraud

20.     On or about the dates set forth in the claims below, defendant **HUEY P. WILLIAMS, JR**, aided and abetted by others, did knowingly and willfully execute and attempt

to execute the aforesaid scheme and artifice to defraud by submitting and causing the submission
to Medicare the false and fraudulent claims set forth below:

| Medicare Beneficiary | Approx. Date on Claim | Approx. Dates Claim Submitted to Medicare | Description of Items Billed | Approx. Amount Billed |
|---|---|---|---|---|
| J.G. | February 24, 2009 | March 5, 2009 | ankle gauntlet braces (2) (L1902) | $180.00 |
| J.G. | December 12, 2008 | January 5, 2009 and February 20, 2009 | rigid ankle braces (2) (L1930); rigid knee braces (2) (L1845); rigid, fitted back brace (1) (L0631); replacement water pad (1) (E0249); and water circulating heat pad/pump set (1) (E0217) | $4,712.00 |
| M.F. | March 13, 2008 | December 24, 2008 and January 8, 2009 | rigid fracture elbow brace (2) (L3760); rigid knee braces (1) (L1845); fracture wrist brace (2) (L3984); rigid, fitted back brace (1) (L0631); rigid ankle braces (2) (L1930); hand/finger glove (2) (L3912); water circulating heat pad/pump set (1) (E0217); and replacement water pad (1) (E0249) | $5,326.00 |

| M.F. | March 11, 2008 | March 26, 2008 | rigid fracture elbow brace (2) (L3760); rigid knee braces (2) (L1845); fracture wrist brace (2) (L3984); rigid, fitted back brace (1) (L0631); rigid ankle braces (2) (L1930); hand/finger glove (2) (L3912) water circulating heat pad/pump set (1) (E0217); and replacement water pad (1) (E0249) | $5,275.00 |
| C.G. | February 15, 2008 | February 27, 2008 | rigid fracture elbow brace (2) (L3760); rigid knee braces (2) (L1845); fracture wrist brace (2) (L3984); rigid, fitted back brace (1) (L0631); rigid ankle braces (2) (L1930); hand/finger glove (2) (L3912) water circulating heat pad/pump set (1) (E0217); and replacement water pad (1) (E0249) | $5,275.00 |
| R.W. | July 22, 2007 | August 1, 2007 | rigid fracture elbow brace (2) (L3760); rigid knee braces | $5,275.00 |

| | | | (2) (L1845); | |
| | | | fracture wrist brace (2) (L3984); | |
| | | | rigid, fitted back brace (1) (L0631); | |
| | | | rigid ankle braces (2) (L1930); | |
| | | | hand/finger glove (2) (L3912) | |
| | | | water circulating heat pad/pump set (1) (E0217); and | |
| | | | replacement water pad (1) (E0249) | |
| B.W. | May 9, 2007 | May 11, 2007 | rigid fracture elbow brace (2) (L3760); | $5,275.00 |
| | | | rigid knee braces (2) (L1845); | |
| | | | fracture wrist brace (2) (L3984); | |
| | | | rigid, fitted back brace (1) (L0631); | |
| | | | rigid ankle braces (2) (L1930); | |
| | | | hand/finger glove (2) (L3912) | |
| | | | water circulating heat pad/pump set (1) (E0217); and | |
| | | | replacement water pad (1) (E0249) | |
| M.C. | December 26, 2006 | April 27, 2007 | rigid fracture elbow brace (2) (L3760); | $5,275.00 |
| | | | rigid knee braces (2) (L1845); | |
| | | | fracture wrist brace (2) (L3984); | |

| | | | rigid, fitted back brace (1) (L0631);<br><br>rigid ankle braces (2) (L1930);<br><br>hand/finger glove (2) (L3912)<br><br>replacement water pad (1) (E0249); and<br><br>water circulating heat pad/pump set (1) (E0217) | |
|---|---|---|---|---|
| N.B. | March 30, 2007 | April 6, 2007 | rigid fracture elbow brace (2) (L3760);<br><br>rigid knee braces (2) (L1845);<br><br>fracture wrist brace (2) (L3984);<br><br>rigid, fitted back brace (1) (L0631);<br><br>rigid ankle braces (2) (L1930);<br><br>hand/finger glove (2) (L3912)<br><br>water circulating heat pad/pump set (1) (E0217);<br><br>replacement water pad (1) (E0249) | $5,275.00 |
| M.C. | January 24, 2007 | January 29, 2007 | Orthotics:<br>rigid fracture elbow brace (2) (L3760);<br><br>rigid knee braces (2) (L1845);<br><br>fracture wrist brace (2) (L3984);<br><br>rigid, fitted back brace (1) (L0631); | $4,465.00 |

| | | | rigid ankle braces (2) (L1930); and<br><br>hand/finger glove (2) (L3912) | |
|---|---|---|---|---|
| N.B. | January 18, 2007 | January 25, 2007 | rigid fracture elbow brace (2) (L3760);<br><br>rigid knee braces (2) (L1845);<br><br>fracture wrist brace (2) (L3984);<br><br>rigid, fitted back brace (1) (L0631);<br><br>rigid ankle braces (2) (L1930);<br><br>water circulating heat pad/pump set (1) (E0217); and<br><br>replacement water pad (1) (E0249) | $4,887.50 |

In violation of Title 18, United States Code, Sections 1347 and 2.

## NOTICE OF CRIMINAL FORFEITURE
### (18 U.S.C. §§ 982(a)(7), 981(a)(1)(C), and 28 U.S.C. § 2461)

33.     Pursuant to Title 18, United States Code, Section 982(a)(7), the United States of America gives notice to the defendant **HUEY P. WILLIAMS, JR** that, in the event of conviction for the violation charged in Count One of the Indictment, the United States intends to forfeit all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of any such offense, including, but not limited to, a money judgment in the amount of at least $1,969,818.74 in United States currency.

34.     In the event that the property subject to forfeiture as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

c.     has been placed beyond the jurisdiction of the court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided
       without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to

the total value of the property subject to forfeiture, pursuant to Title 21, United States Code,

Section 853(p), incorporated by reference in Title 18, United States Code, Section 982(b)(1), and

Title 28, United States Code, Section 2461.

                              A TRUE BILL.

                              Original Signature on File

                              FOREPERSON _____

KENNETH MAGIDSON
UNITED STATES ATTORNEY

*Ashlee Caligone McFarlane*

ASHLEE CALIGONE MCFARLANE
TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE